This memorandum opinion was not selected for publication in the New Mexico Reports. Please see Rule 12-405 NMRA for restrictions on the citation of unpublished memorandum opinions. Please also note that this electronic memorandum opinion may contain computer-generated errors or other deviations from the official paper version filed by the Court of Appeals and does not include the filing date.

## IN THE COURT OF APPEALS OF THE STATE OF NEW MEXICO

**STATE OF NEW MEXICO,**

Plaintiff-Appellee,

v.                                                          NO. 29,767

**INKOSKI GRANDBERRY,**

Defendant-Appellant.

**APPEAL FROM THE DISTRICT COURT OF BERNALILLO COUNTY**
**Albert "Pat" S. Murdoch, District Judge**

Gary K. King, Attorney General
Santa Fe, NM
Max Shepherd, Assistant Attorney General
Albuquerque, NM

for Appellee

Hugh W. Dangler, Chief Public Defender
Santa Fe, NM

for Appellant

### MEMORANDUM OPINION

**BUSTAMANTE, Judge.**

Defendant appeals from the district court's denial of his motion to suppress.

This Court's first notice proposed summary reversal of the district court's decision.

The State filed a memorandum in opposition to the proposed disposition. We are not persuaded by the State's arguments, and reverse the district court.

The State argues that the officer's questions to Defendant about his travel history were permissible, and cites three cases in support of its assertion. *See State v. Funderburg,* 2008-NMSC-026, ¶ 24, 144 N.M. 37, 183 P.3d 922; *State v. Van Dang,* 2005-NMSC-033, ¶ 15, 138 N.M. 408, 120 P.3d 830; and *State v. Duran,* 2005-NMSC-034, ¶ 37, 138 N.M. 414, 120 P.3d 836. In *Duran,* the Supreme Court affirmed "that all questions asked by police officers during a traffic stop must be analyzed to ensure they are reasonably related to the initial justification for the stop or are supported by reasonable suspicion." *Duran,* 2005-NMSC-034, ¶ 35. In both *Van Dang* and *Duran,* there was something more than just inconsistent responses and nervousness by the driver that justified the officer's questions about travel plans. In particular, questions concerning the drivers' travel plans were reasonably related to the scope of the initial stop. In addition, there was something more than just suspicious answers concerning travel plans, and the fact that the area where the stop occurred was known for drug trafficking that justified reasonable suspicion for believing a crime was being, or had been committed.

In *Van Dang,* questions about the driver's travel plans were reasonable because the defendant's name did not appear on the rental contract for the car. *Van Dang,* 2005-NMSC-033, ¶ 15. Therefore, the officer had a right to investigate whether the car had been stolen. *Id.* Similarly, in *Duran,* after stopping the defendant for a misplaced temporary registration tag in an area known for being a drug-courier route, the officer observed strange and suspicious tools in the back of the car, the odor of gas, and an irregular bill of sale lacking the normal paper work. *Duran,* 2005-NMSC-034, ¶ 37. The Supreme Court held that limited questions about the defendant's travel plans were reasonably related to the scope of the initial traffic stop. *Id.*

In contrast, here, the officer testified that he was suspicious because of Defendant's inconsistent and nonsensical responses concerning where he had been and where he was going, and because Defendant seemed to be trying to hide his activities in an area known for drug trafficking. **[MIO 2-3]** The officer immediately asked whether Defendant had any weapons or narcotics in the car. **[MIO 3]** However, in this case the officer's questions about Defendant's travel plans were not reasonably related to the scope of the initial stop for speeding. There was nothing between the time of the stop and the officer's questions about Defendant's travel plans that led the officer to believe he needed to confirm or dispel any suspicions. Rather,

3

the officer was engaging in what appeared to be casual conversation. "So called, 'casual conversation,' is not such a reasonable justification." *Duran,* 2005-NMSC-034, ¶ 35. The only reasonable justification the officer articulated was that he wanted to determine if a speeding citation was proper, or if there was some emergency causing Defendant to speed.

Even assuming the officer's questions were reasonably related to the scope of the stop for speeding, we conclude that Defendant's inconsistent responses did not give the officer reasonable suspicion to believe a crime was being committed. In each of the cases relied upon by the State, "the officer's suspicions were further aroused by other circumstances surrounding the stop." *Funderburg,* 2008-NMSC-026 ¶ 20. In *Van Dang,* there was the suspicious rental contract, the inconsistent stories from the defendant and his passenger about their travel plans, and the known use of rental cars in drug trafficking. *See Van Dang,* 2005-NMSC-033, ¶ 16 (discussing officer's testimony that eighty-five percent of drug trafficking arrests per year involve rental cars). In *Duran,* there was something more than the suspicious responses about travel plans, or the fact that the stop occurred on a frequent drug trafficking route. There was the misplaced registration tag, odor of gas, and irregular paperwork. *Duran,* 2005-NMSC-034, ¶ 37. In *Funderburg,* once the officer determined that the

4

passenger had a marijuana pipe in his pocket, "he could reasonably suspect that other evidence of the passenger's crime might be found in the car." *Funderburg,* 2008-NMSC-026, ¶ 28.

We conclude that there was no reasonable suspicion of other criminal activity justifying the officer's decision to expand the scope of the initial stop for the purposes of investigating the presence of drugs or weapons. *See State v. Romero,* 2002-NMCA-064, ¶ 6, 132 N.M. 364, 48 P.3d 102 ("The legal conclusion that the officer's actions were reasonable or justified is a mixed issue of law and fact, which we review de novo."). For these reasons, and those stated in the first notice of proposed disposition, we reverse the district court.

**IT IS SO ORDERED**.

_____
**MICHAEL D. BUSTAMANTE, Judge**

**WE CONCUR:**

_____
**ROBERT E. ROBLES, Judge**

_____
**TIMOTHY L. GARCIA, Judge**